**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

March 28, 2013

Damian P. Conforti, Esq.
Podvey Meanor
One Riverfront Plaza
Suite 800
Newark, NJ 07102-5497

13-379

Re: Plea Agreement with Bernard Jones a/k/a "Gorilla"

Dear Mr. Conforti:

This letter sets forth the plea agreement between your client, Bernard Jones a/k/a "Gorilla", and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Bernard Jones to a two-count Information, which charges distribution of heroin in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). If Bernard Jones enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Bernard Jones for distribution of heroin in June 2009 and July 2009. However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Bernard Jones may be commenced against him, notwithstanding the expiration of the limitations period after Bernard Jones signs the agreement.

Sentencing

The violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) which Bernard Jones agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) ~~$2,000,000~~ $1,000,000; or (2) twice the gross profits or other proceeds to Bernard Jones. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Bernard Jones is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Bernard Jones ultimately will receive.

Further, in addition to imposing any other penalty on Bernard Jones, the sentencing judge: (1) will order Bernard Jones to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order forfeiture, pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853; (3) may deny Bernard Jones certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require Bernard Jones to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Bernard Jones be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Bernard Jones may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Bernard Jones by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of Bernard Jones's activities and relevant conduct with respect to this case.

Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Bernard Jones. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Bernard Jones.

No Other Promises

This agreement constitutes the plea agreement between Bernard Jones and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JONATHAN W. ROMANKOW
Assistant U.S. Attorney

APPROVED:

DAVID E. MALAGOLD
Chief, OC/Gangs Unit

I have received this letter from my attorney, Damian P. Conforti, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Bernard Jones
Bernard Jones

Date: 6/6/2013

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Damian P. Conforti, Esq.

Date: 6/6/13